**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **YURIDIA JAMARILLO-ROCHA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO:  7:22-CV-75 (WLS)** |
| | : | |
| | : | |
| **FRANCISCO MADRIGAL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Amend Complaint to Dismiss Some Claims, But Not All, Without Prejudice (Doc. 69) ("Motion"), and on Defendant Mahendra Amin's response thereto (Doc. 76) ("Response"). Plaintiff requests the Court allow her to amend her First Amended Complaint For Damages (Doc. 31) ("First Amended Complaint") to dismiss, without prejudice the following claims:

1.      Claim One: Violation of the First Amendment Against Federal Defendants (Retaliation).

2.      Claim Three: Violation of the First Amendment (alternative claim under *Bivens*).

3.      Claim Nine: Violation of 42 U.S.C. §1985(2)-Conspiring to Deter Testimony/ Participation in Investigations and Court Proceedings.

In his Response, Amin does not object to Plaintiff dismissing Claims One, Three, and Nine. However, Amin requests that Plaintiff should not be allowed (or required) to file a second amended complaint that would replace the First Amended Complaint, because the effect of such filing requires the Defendants to refile pending motions to dismiss or answers to a second amended complaint.

The federal rules do not permit the voluntary dismissal of claims by a plaintiff, but only the voluntary dismissal of an "action." See Fed. R. Civ. P. 41(a). "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule

1

15(a) rather than dismiss under Rule 41(a)." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 Moore's Federal Practice § 41.21[2] at 41.32)).

Amin requests if the Motion is granted that Plaintiff be allowed to amend the Complaint to remove Claims One, Three, and Nine without filing a second amended complaint. However, Amin did not provide, and the Court did not find authority for the proposition that a party may amend his complaint under Rule 15 without filing an amended complaint. To the contrary, courts assume that amending a complaint requires the filing of a new amended complaint. *See, e.g., Donner v. Sulcus Computer Corp.*, 103 F.R.D. 548, 549 (N.D. Ga. 1984) ("The court concludes that the amendment of a complaint is not effective until the amendment is filed with the court."). A party seeking to dismiss a claim must amend under Rule 15, and Rule 15 requires the filing of an amended complaint.

The Court notes that it has four motions to dismiss currently under submission and understands Amin's desire to avoid the necessity of filing an amended motion to dismiss. However, the Court finds that the Plaintiff's voluntary dismissal of some of her claims will simplify the issues presented in this case and that Defendants will not be unduly prejudiced.

Accordingly, Plaintiff's Motion (Doc. 69) is **GRANTED**. Plaintiffs shall file the Second Amended Complaint within seven (7) days of entry of this Order. Defendants may file amended answers or amended responses noting the withdrawal of pending motions or file new motions to dismiss within twenty-one (21) days of Plaintiff filing the amended complaint.

**SO ORDERED**, this 2nd day of March 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2