IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YURIDIA JAMARILLO-ROCHA,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | **CASE NO: 7:22-CV-75 (WLS)** |
| **FRANCISCO MADRIGAL, et al.,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

By Order (Doc. 98) ("Order to Answer/Respond") entered August 22, 2023, the Court denied as moot the Federal Defendants' motion to stay all proceedings in this case for 120 days. The Federal Defendants[1] and Individual Federal Defendant[2] who had an answer due, but not filed, with respect to the Plaintiff's Second Amended Complaint (Doc. 80) ("SAC"), were ordered to file an answer or responsive pleading by Friday, September 15, 2023. The Individual Federal Defendants filed a timely Response (Doc. 101) to the Court's Order (Doc. 98). In reviewing the Response, and based on the following, the Court finds that the Individual Federal Defendants have not complied with the Court's Order to Answer/Respond.

The Court previously entered an order (Doc. 62) ("Show Cause Order") requiring Plaintiff to provide evidence of service on certain defendants, including the Individual Federal Defendants. On December 22, 2022, Plaintiff's Proof of Service of Process (Doc. 64) ("Proof of Service") was filed. In a subsequent Order (Doc. 70) ("Extension Order") entered January 24, 2023, the Federal Defendants and Individual Federal Defendants were granted an

---

[1] The following are the Federal Defendants: U.S. Immigration and Customs Enforcement ("ICE"); Tae Johnson in his official capacity as Director of ICE; Alejandro Mayorkas in his official capacity as Secretary of Homeland Security; Francisco Madrigal as Acting Director of the Atlanta Field Office of Ice; Patrick Musante in his official capacity as Chief of Staff of the Atlanta Field Office of ICE; Cesar Ciprian in his official capacity as Supervisory Detention and Deportation Officer; Merrick Garland, in his official capacity as Attorney General of the United States; and Ada Rivera in her official capacity as the Medical Director of ICE Health Service Corps.

[2] The following were identified as Individual Federal Defendants in the Order: Cesar Ciprian, Patrick Musante, Ada Rivera, and Thomas P. Giles. (Doc. 98 at 1, n.1.) Walkiria Mines and Djibril "William" Rabiou are included in the definition of Individual Federal Defendants in the Response (Doc. 101) and are, therefore, included in the definition of "Individual Federal Defendants" in this Order.

extension of time up to February 18, 2023, to file an answer or responsive pleading to the complaint.[3] The Extension Order contained a footnote in which the Court acknowledged that Plaintiff had filed return of summons executed per the Court's Show Cause Order and stated that: "This Court does not make any finding as to the sufficiency of such service in this Order. (Doc. 70 at 2, n.2.)

In their Response to the Order to Answer/Respond, the Individual Federal Defendants stated that they "respectfully advise the Court that, to date [September 15, 2023], they have not been properly served with process in their individual capacities and, accordingly, do not have any response to the SAC 'due.'" (Doc. 101 at 1.) The Individual Federal Defendants provide case law and arguments to support their contention that they were not properly served. They point out that with respect to the Court's statement in the Extension Order that 'This Court does not make any finding as to the sufficiency of such service in this Order.' Doc. 70 at 2 n.2." (Doc. 101 at 2.) Instead of requesting relief in the Response, the Individual Federal Defendants appear to believe that their arguments asserting they were not properly or timely served are the law of the case, concluding that:

> In these circumstances, this Court is authorized to dismiss the Individual Federal Defendants, without prejudice, "on its own after notice" to Plaintiff. Fed. R. Civ. P. 4(m). And as undersigned counsel advised Plaintiff's counsel in yesterday's email, they are also free to file a Rule 4(m) motion with the Court seeking additional time in which to perfect service but would have to show "good cause" for this lengthy delay. At this juncture, the Individual Federal Defendants cannot state a position on such a potential motion, given the significant delay and without knowing what Plaintiff's good-cause showing might be.

(Doc. 98 ¶ 5.)

The arguments and contentions of the Individual Federal Defendants are not in the proper procedural format. On December 22, 2022, Plaintiff filed her Proof of Service in which she contends service is sufficient (Doc. 64). The Individual Federal Defendants were granted multiple extensions of time to answer or otherwise respond to the complaint.[4] The last

---

[3] The First Amended Complaint for Damages (Doc. 31) was the operative complaint at the time the Court entered the Order (Doc. 70) granting this extension of time. The Court granted Plaintiff's motion to file a second amended complaint and the SAC was filed on March 8, 2023. (*See* Docs. 69, 79, 80.)

[4] *See* motions for extension of time filed on behalf of Federal Defendants, but requesting extension of time for Individual Federal Defendants (Docs. 50, 61, 68, 73) and Orders (Docs. 51, 63, 70, 98) granting motions to extend time to answer or otherwise respond. In each of the motions, the Federal Defendants included a

2

extension was in the Order to Answer/Respond which extended their deadline to September 15, 2023, to answer or otherwise respond to the SAC.[5] The Court's footnote in the January 24, 2023 Order stating that it was not making a finding as to the sufficiency of service means just what it states—no findings have been made one way or the other. This is because as of January 24, 2023, none of the Defendants on whom Plaintiff purported to have obtained proper service of process had filed any motions challenging Plaintiff's service. To date, the Individual Federal Defendants have not filed a motion challenging Plaintiff's service and their attempt to sidestep the proper procedure to do so is unacceptable. To the extent the Individual Federal Defendants contend they have not been properly served, it is incumbent upon them to file the appropriate motion for the Court's consideration, with the Plaintiff having an appropriate time to respond.

Accordingly, the Individual Federal Defendants shall have through **Thursday, October 26, 2023,** to file an answer or appropriate responsive motion setting forth their contentions as to the sufficiency of process and/or sufficiency of service of process, or such other responsive motion as they deem appropriate.

**SO ORDERED**, this 5th day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

footnote requesting an extension for the Individual Federal Defendants stating substantially the same in each motion as follows:

> Some Federal Defendants are sued in their individual capacity, and the Department of Justice has not yet been granted representation authority as to those Federal Defendants. See 28 C.F.R. § 50.l5. While the Department of Justice therefore does not yet represent any Defendant sued in an individual capacity, and is not authorized to make any representation or concession regarding the adequacy of service attempts, the requested extension is intended to apply to all Defendants that may be represented by Department of Justice.

(Doc. 68 at 1, n.1)

[5] Plaintiff has yet to have an opportunity to file a motion for default judgment to bring the matter to a head since the Individual Federal Defendants have been protected by extensions to answer or otherwise respond.