IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YURIDIA JAMARILLO-ROCHA,** : <br> : <br> **Plaintiff,** : <br> v. : <br> **FRANCISCO MADRIGAL, et al.,** : <br> : <br> **Defendants.** : <br> _____ | **CASE NO: 7:22-CV-75 (WLS)** |

**ORDER**

Before the Court is the Plaintiff's Notice of Voluntary Dismissal of all Individual-Capacity Claims against all Individual Federal Defendants, and Joint Request for Order of Dismissal (Doc. 104) ("Motion")[1] filed October 23, 2023. Therein, Plaintiff proposes to dismiss all of her claims against the following Defendants in their individual capacities: Thomas P. Giles, Patrick Musante, Cesar Ciprian, Ada Rivera, Walkiria Mines, and Djibril "William" Rabiou ("Individual Federal Defendants"). Plaintiff and the Individual Federal Defendants also jointly request an order of dismissal by the Court under Rule 41(a)(2), which these parties stipulate should be with prejudice.[2] (Doc. 104 ¶ 3.)

---

[1] For the reasons stated below, Doc. 104 shall be treated as a motion, and all Defendants shall have seven days from the date of entry of this Order within which to file a response.

[2] Federal Rule of Civil Procedure 41(a) provides:

    (a) Voluntary Dismissal.

        (1) By the Plaintiff.

            (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

                (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

                (ii) a stipulation of dismissal signed by all parties who have appeared.

            (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

        (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Plaintiff contends that because the Individual Federal Defendants, in their individual capacities, have not yet served an answer or a motion for summary judgment, she is seeking to dismiss her action under Fed. R. Civ. P. 41(a)(1)(A)(i) and that the dismissal is effective immediately. (Doc. 104 ¶ 2.) Plaintiff states:

> Although an order of dismissal by the Court is not required, for housekeeping purposes and for clarity of the record given the length of time this case has been pending, Plaintiff and the Individual Federal Defendants also jointly request the Court to endorse this voluntary dismissal by Court order. Fed. R. Civ. P. 41(a)(2).

(Doc. 104 ¶ 3.) "Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). In the instant case, however, Plaintiff requests "more than a perfunctory voluntary dismissal analysis." *Id.* In addition to specifically requesting the Court "endorse" the dismissal by entering an order to clarify the record, the Plaintiff specifies the Defendants remaining in the case. Further, the Individual Federal Defendants, with the consent of Plaintiff, request that they be excused from complying with the Court's Order entered October 5, 2023 (Doc. 102 at 4, n.3), requiring the Individual Federal Defendants to file an answer or appropriate responsive motion setting forth their contentions as to the sufficiency of process and/or sufficiency of service of process, or such other responsive motion as t

hey deem appropriate to Plaintiff's Second Amended Complaint (Doc. 80) ("SAC") by October 26, 2023. These additional requests are more than are appropriate in a perfunctory voluntary dismissal contemplated by Rule 41(a)(1)(A)(i), and therefore, as also requested by the Plaintiff, the Court treats the Motion as filed under Rule 41(a)(2) requiring a Court order and allowing responses by Defendants, if any, who desire to file such response.

Based on the foregoing, particularly Plaintiff Counsel's representations as to certain Defendants and the relief sought, all Defendants shall have seven (7) days from entry of this Order within which to file a response, after which time the Court will promptly take the matter under advisement.

**SO ORDERED**, this 31st day of October 2023.

                                           **/s/W. Louis Sands**
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**