**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **YURIDIA JAMARILLO-ROCHA,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | **CASE NO:  7:22-CV-75 (WLS)** |
| **FRANCISCO MADRIGAL, et al.,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

### ORDER

Before the Court is the Plaintiff's Motion to Enlarge Time to Respond to The Official Capacity Federal Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (Doc. 107) ("Motion to Extend") filed October 26, 2023.[1] Therein the Plaintiff requests an extension of time within which to respond to the Official Capacity Federal Defendants' motion to dismiss (Doc. 100) ("OCFD's Motion to Dismiss") filed September 15, 2023. The deadline for Plaintiff to have responded to the OCFD's Motion to Dismiss was October 6, 2023, and pursuant to the Local Rules of this District, Plaintiff should have requested an extension of time on or before Monday, October 2, 2023.[2]

Plaintiff's counsel acknowledge that they missed the deadline to file the response due to an unintentional oversight on their part. With respect to extending time for a party to act, Federal Rule of Civil Procedure 6(b) provides:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) *on motion made after the time has expired if the party failed to act because of excusable neglect.*

---

[1] Plaintiff's counsel originally filed the Motion on October 25 and 26, 2023 (Docs. 105 & 106, respectively), but was required to refile the Motion due to deficiency notices received by the Clerk.

[2] Under Local Rule 6.2, in civil cases, the Clerk of Court and his deputies are authorized to permit extensions of time for filing a brief, but no more than one such extension may be granted. M.D. Ga. L.R. 6.2. A party must obtain the permission of the Court for any additional extensions for the same brief. *Id.* To request an additional extension, a party must file a written motion no later than five (5) days before the expiration of the previous extension stating why an additional extension is needed. *Id.*

1

Fed. R. Civ. P. 6(b)(1) (second emphasis added). In reviewing whether counsel's failure to respond to a motion to dismiss constitutes "excusable neglect," the Eleventh Circuit stated:

> The [Supreme] Court explained that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," and identified four factors to guide courts in making that determination: "the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (alterations adopted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993) (finding district court abused its discretion by denying plaintiff's motion to set aside its dismissal order based upon the untimeliness of plaintiff's response to defendant's motion to dismiss)).

Plaintiff here asserts that her failure to timely respond to the OCFD's Motion to Dismiss was due to her counsels' excusable neglect and specifically that the Official Capacity Federal Defendants will not be prejudiced by the short delay, that counsel promptly prepared this Motion to Extend and the attached response to the OCFD's Motion to Dismiss (Doc. 107-1) after realizing their error. She further asserts that the short delay (approximately a month) should not negatively impact these proceedings and that Plaintiff is acting in good faith in requesting the extension. Upon review of the Plaintiff's Motion to Extend and noting the Eleventh Circuit's "long expressed . . . strong policy of determining cases on their merits when reasonably possible[,]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014), the Court finds that the Motion to Extend is well-taken and should be GRANTED.

Accordingly, the Plaintiff's Motion to Extend (Doc. 107) is **GRANTED**. On or before Friday, November 3, 2023, Plaintiff shall file the response (Doc. 107-1) attached as Exhibit A to the Motion to Extend.[3]

**SO ORDERED**, this 1st day of November 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Plaintiff requests that Exhibit A be entered into the docket as a timely response to the OCFD's Motion to Dismiss. It is unclear whether Plaintiff intended for the Court Clerk to take that action on her behalf; but for the sake of clarity, the Plaintiff is responsible for filing her response pursuant to the terms of this Order.