IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YURIDIA ROCHA JAMARILLO,** : <br> : <br> **Plaintiff,** : <br> v. : <br> : <br> **FRANCISCO MADRIGAL, et al.,** : <br> : <br> **Defendants.** : <br> _____ | **CASE NO:  7:22-CV-75 (WLS)** |

### ORDER

Before the Court is the Plaintiff's Notice of Voluntary Dismissal of all Individual-Capacity Claims against all Individual Federal Defendants, and Joint Request for Order of Dismissal (Doc. 104) ("Motion") filed October 23, 2023. Therein, Plaintiff proposes to dismiss all of the claims in her Second Amended Complaint (Doc. 80) ("SAC") against the following Defendants in their individual capacities: Thomas P. Giles, Patrick Musante, Cesar Ciprian, Ada Rivera, Walkiria Mines, and Djibril "William" Rabiou (collectively, the "Individual Federal Defendants"). Plaintiff and the Individual Federal Defendants also jointly request an order of dismissal by the Court under Rule 41(a)(2), which these parties stipulate should be with prejudice. (Doc. 104 ¶ 3.)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff asserts that because the Individual Federal Defendants had not served answers or motions for summary judgment when the Motion was filed, the dismissal was effective immediately (Doc. 104 ¶ 2). Upon review of the Motion, the Court determined that Plaintiff's Motion was not a perfunctory voluntary dismissal as contemplated by Rule 41(a)(1)(A)(i). *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Therefore, on October 31, 2023, the Court entered an Order (Doc. 108) finding, for the reasons stated therein, that the Motion would be treated as filed under Rule 41(a)(2) and allowed seven (7) days for Defendants to file responses to the Motion if they desired. None of the Defendants filed a timely response. Having fully reviewed the Motion and record, the Court finds that the Motion (Doc. 104) is well-taken.

Accordingly, the Motion (Doc. 104) is **GRANTED** as follows:

1. All of the Plaintiff's claims against Thomas P. Giles, in his individual capacity, Patrick Musante, in his individual capacity, Cesar Ciprian, in his individual capacity, Ada

Rivera, in her individual capacity, Walkiria Mines, in her individual capacity, and Djibril "William" Rabiou in his individual capacity contained in Plaintiff's Second Amended Complaint (Doc. 80) ("SAC") are hereby **DISMISSED WITH PREJUDICE**.

2. This Order does not dismiss any other Defendants, whether sued in their individual or official capacities, from this action. Nor does it dismiss claims, if any, filed against Thomas P. Giles, Patrick Musante, Cesar Ciprian, Ada Rivera, Walkiria Mines, or Djibril "William" Rabiou in their official capacities.

3. As all claims against the Individual Federal Defendants are dismissed, they are excused from complying with the Court's Order (Doc. 102) to file a motion concerning service of process (or any other Rule 12 defense).

4. The Plaintiff and Individual Federal Defendants shall pay their own costs and fees associated with this dismissal and Plaintiff shall recover nothing of Defendants Thomas P. Giles, Patrick Musante, Cesar Ciprian, Ada Rivera, Walkiria Mines, or Djibril "William" Rabiou in their official capacities.

**IT IS FURTHER ORDERED**, that the Consent Motion of Individual Federal Defendants Seeking to Limit Their Response to the Court's October 5 Order (Doc. 103) filed on behalf of Thomas P. Giles, Patrick Musante, Cesar Ciprian, Ada Rivera, Walkiria Mines, and Djibril "William" Rabiou in their individual capacities is **DENIED** as **MOOT**.

.

**SO ORDERED**, this 21st day of November 2023.

                                                  **/s/ W. Louis Sands**
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**