**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **YURIDIA ROCHA-JAMARILLO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:  7:22-cv-75-WLS** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**ORDER**

A discovery conference was held in the above-styled action on Tuesday, August 27, 2024. Following the discovery conference and representations of counsel, and to memorialize the Court's oral instructions at that conference, the Court makes the following modifications to the jointly executed proposed discovery and scheduling order, which is adopted and made part of this Order to the extent it does not conflict with the instant Order:

1)      The parties advised the Court that they have been engaging in informal settlement negotiations, and have made meaningful progress towards potential resolution of the Plaintiff's claims. Prior to beginning formal discovery, the parties wish to engage in formal settlement negotiations for a period of sixty (60) days. At the parties' request, the Court will inquire whether one of the United States Magistrate Judges for the Middle District of Georgia is amenable to mediating such formal settlement negotiations, and will advise the parties of the results of those discussions. Formal discovery will be delayed until **Friday, October 25, 2024**. The parties, however, may agree between themselves to conduct informal discovery outside of the discovery deadlines, but the Court will not entertain disagreements as to discovery outside of the deadlines.

2)      Initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1) are to be completed on or before **Friday, November 8, 2024**.

3)      In their proposed order, the parties state they do not anticipate joining other parties. In the event it becomes necessary to file a motion to join another party or amend

pleadings, such motion must be filed as soon as known and practicable, but no later than **Friday, October 25, 2024**.

4)      Pursuant to their proposed order, the parties agree to work together to enter into a protective order governing the production of electronically stored information. Any joint proposed protective order, including any order that may be necessary to protect highly sensitive, personal information, personal identifying information, or medical information covered by HIPPA, or a motion for such protective order, must be filed on or before **Friday, September 27, 2024**.

5)      The parties proposed that discovery be conducted in three separate phases beginning at the close of the settlement negotiation period. The first of such phases will be a ninety-day period for written discovery. A second discovery period will be set for depositions of fact witnesses, and a third discovery period will be set for disclosure and depositions of expert witnesses. The Court agreed with the parties' proposal.

6)      The discovery in this litigation may have significant overlap, including counsel of record, with the claims in the *Yanira Yesenia Oldaker, et al. v. United States*, 7:20-cv-224 (M.D. Ga.), which is also pending before this Court. As such, counsel for the parties shall confer so as to limit expenses, inconvenience to witnesses, and duplication of efforts where possible. The parties agree that where relevant and possible, discovery produced in one case may be used in the other and that depositions of government officials and third party witnesses should be coordinated to reduce witness inconvenience.

7)      As discussed at the conference, all written discovery must be completed by **Thursday, January 23, 2025**, unless extended by the Court for good cause shown upon timely written motion by either party. Written discovery shall comply with the Local Rules of the Middle District of Georgia.

8)      Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court.  A respondent is relieved from responding to discovery requests that do not meet this requirement.

2

9)      Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, whichever first occurs.

10)      As an alternative to filing a formal motion under Rule 37, the parties, within the time allowed, may contact the Courtroom Deputy, Gloria Anderson, by phone at 229-430-8553 or by email at gloria_anderson@gamd.uscourts.gov to request a telephonic conference with the Court to address and resolve the disputed matter. By close of business on the last business day prior to the conference, counsel shall provide a concise statement of the issues and summary of each party's position. Counsel may provide a joint statement submitted by either counsel.

11)      At the conclusion of the written discovery period, the Court will set a telephonic status conference to discuss the second and third phases of discovery, including the deadline for fact depositions, the deadlines related to disclosures of experts and expert reports, as well as the deadlines for deposing experts. Deadlines for dispositive motions and *Daubert* motions, and a tentative trial date will also be set during the telephonic status conference.

12)      The telephonic status conference will be held on **Tuesday, January 28, 2025 at 3:30 p.m**. The courtroom deputy will contact counsel for the parties with instructions on how to attend the conference.

13)      No later than **Tuesday, January 21, 2025**, (seven days prior to the status conference), the parties shall prepare and submit a joint proposal as to the deadlines to be set during the status conference, and notifying the Court of any additional matter(s) either party believes should be addressed to facilitate discovery and the ultimate disposition of this action. The parties' proposal is **not to be filed**, but *is to be e-mailed in word processing format to the Clerk's Office mailbox: valdosta.ecf@gamd.uscourts.gov*.

To move cases expeditiously, the Court will strictly enforce Local Rule 6.2. Accordingly, should any party request an additional extension of time for filing motions, pleadings, responses, or other documents beyond that granted by the Clerk or his deputy when permitted without leave of Court, such request must be made by written motion filed no later

3

than five (5) days before the expiration of the extension granted by the Clerk. Additionally, should any written motion for an initial extension of time for filing be made directly to the Court, it must be filed no later than two (2) business days before the expiration of the deadline sought to be extended. Such motion must state why an extension is needed. Despite any extension that may be given, the parties are directed to act expeditiously and in good faith to complete discovery as scheduled.

The parties are further reminded that, pursuant to Local Rule 56, parties must include a separate, short, and concise statement of material facts, including specific reference to the relevant documents which support such contentions. Failure to comply with Local Rule 56 may result in the denial of the motion or rejection of the response.

Additionally, the parties are instructed not to file *Daubert* motions within dispositive motions or in any other manner except as set forth hereafter. As the resolution of *Daubert* motions necessarily requires a hearing, the weighing of facts, or credibility determinations, it is not appropriate to merge the two types of motions or the motion and response to a dispositive motion into one. Therefore, if a dispositive motion requires the resolution of a *Daubert* issue*, e.g.*, where an identified expert is required to make out a prima facie claim or defense, a motion addressing that issue must be filed separately and contemporaneously. Doing so will separate fact-finding, evidence-weighing, and credibility determinations by the Court from its consideration of dispositive motions.

Further, all evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing party specifically notes in writing and contemporaneously with production of the evidence to the requesting party the grounds for waiver of or objection to the presumption of authentication. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules of Civil Procedure will not be

4

deemed authenticated unless so designated in response to a later discovery request. Substantive objections are not waived by said production.

       **SO ORDERED**, this 30th day of August 2024.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
