**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| YURIDIA ROCHA JAMARILLO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | **7 : 22-CV-75 (WLS)** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**ORDER FOR MEDIATION**

A mediation will be held in this matter before the Honorable Thomas Q. Langstaff in the Magistrate Judge's Courtroom at the C.B. King Federal Courthouse at 201 West Broad Avenue, Albany, Georgia, on **October 29, 2024 at 9:30 a.m.**

The mediation shall be attended in person by designated lead counsel for each party. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions. Where there is no insurer, or where the settlement decision will be made in part by a corporate party or other person or entity, the corporate party or other person or entity shall send a representative in person with full and complete authority to bind the company or other person or entity.

Failure to produce the appropriate person(s) at the mediation or a failure to participate in good faith may result in an award of costs and attorney fees incurred by the other parties in

connection with the mediation and/or other sanctions against the noncomplying party and/or counsel.

Each party shall submit a confidential settlement statement to the undersigned **before 5:00 p.m. on October 22, 2024**. The settlement statement shall not become part of the file of the case, but shall be for the exclusive use of the undersigned in preparing for and conducting the mediation.

The settlement statement shall contain (1) a specific recitation of the facts; (2) the remaining claims in the case; (3) the positions of the parties on damages and on issues of law; (4) a discussion of the strengths and weaknesses of the submitting party's case; (5) the settlement negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; and (6) the names of the attorneys who will be attending the mediation. If not already part of the court file, copies of any critical agreements, business records, or other critical documents or exhibits shall be attached to the settlement statement.

Any Plaintiffs who are not participating in the mediation through counsel, who have no interest in a money only settlement, must be identified in the settlement statement, to include the individual's full name and city, state, and country of current residence.

The settlement statement should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case. The parties are directed to be candid in their statements.

The settlement statement shall not be filed with the clerk, but shall be submitted through electronic mail (e-mail) to Alicia Brown at Alicia_Brown@gamd.uscourts.gov.  Copies of the settlement statement shall not be provided to the other parties in the case.

2

Counselors are directed to confer with their clients in advance of the mediation to explore the party's settlement position, and the parties are encouraged to exchange settlement proposals prior to the mediation.  These steps will enable the mediation to progress more expeditiously. Any party desiring the services of an interpreter is directed to make the necessary arrangements to have such interpreter present.

**SHOULD ANY OF THE PARTIES, REPRESENTATIVES, OR COUNSEL NOT BE PRESENT AND READY TO PROCEED ON  OCTIBER 29, 2024 at 9:30 A.M., THEN THE COURT MAY EITHER CANCEL OR CONTINUE THE MEDIATION, AND ASSESS COSTS, IN ITS SOLE DISCRETION.**

**SO ORDERED,** this 30th day of  September, 2024.

s/ **_THOMAS Q. LANGSTAFF_**
**UNITED STATES MAGISTRATE JUDGE**

3