UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

YURIDIA ROCHA-JAMARILLO.

*Plaintiff,*

v.

UNITED STATES OF AMERICA

*Defendant.*

Case No.: 7:22-CV-00075-WLS-TQL

## CONSENT PROTECTIVE ORDER

This action will involve the production by the Parties of highly sensitive, private, and personal information that is not generally available to the public. The Parties seek to protect such information from disclosure to the public. Accordingly, for good cause and pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED THAT:

1. **"Confidential Information" Defined.** In connection with discovery and other proceedings in this action, the Parties may designate documents, things, materials, testimony, or other information derived therefrom as "Confidential Information" under the terms of this Consent Protective Order (the "Order"). For purposes of this Order, "Confidential Information" shall be defined as:

    a. <u>Medical information</u> including but not limited to any individually identifiable information created or received by a health care provider; any individually identifiable information relating to past, present, or future physical or mental health or condition of any individual; any individually identifiable information related to the provision of physical or mental health care to any individual; and

any information or documents containing information covered by the Health Insurance Portability and Accountability Act (HIPAA).

b. <u>Private information of a personal nature</u> including sensitive biographical information and personal information not generally available to the public.

c. <u>Identifying information</u> including:

   i. an individual's Social Security number, personal identification numbers, detainee numbers, inmate numbers, passport numbers, driver's license numbers, and any similar identifier assigned to an individual by the federal government, a state or local government, or the government of any country;

   ii. birth dates;

   iii. information related to the content or status of an individual's immigration benefit application, to the extent that is linked to the applicant's identity;

   iv. photographs of any person, including but not limited to photographs of any named Plaintiff, witnesses and others related to this action, or their family or friends;

   v. names of individuals known to be under 18 years of age;

   vi. addresses and telephone numbers; and

   vii. bank account numbers, credit card numbers, and other financial information that can be specifically links to an individual's identity or financial accounts.

Information that becomes public through no act or omission of Plaintiffs or Defendant shall not be considered Confidential Information.

2. **Methods of Designating Confidential Information.** The Parties shall designate Confidential Information in the following manner:

   a. The Parties shall designate only those pages, items, or portions thereof containing or disclosing the Confidential Information by marking copies produced to the other Party with the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

   b. For electronic information that is not amenable to visible designation, the file name(s) shall begin with "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

   c. A designation that a document is Confidential shall constitute a representation by the designating party, in good faith and after careful consideration, that the material so designated constitutes confidential material as defined in this Order. The designating party must designate for protection only those parts of materials, documents, items, or communications that qualify, so that other portions for which protection is not warranted are not designated as protected.

   d. Designations that are shown to be clearly unjustified or that have been made for an improper purpose, such as to encumber or delay proceedings or impose unnecessary burdens on other Parties, shall be grounds for sanctions.

   e. All testimony taken at a deposition shall be treated as if it were designated as Confidential for a period of thirty (30) days following preparation of the full transcript, except when counsel for the Parties agree to an alternative procedure. During the thirty-day period, counsel for the Parties may designate, in writing, any portions of the transcript as Confidential Information. If any document

containing Confidential Information is used during a deposition, the testimony regarding that document shall be subject to the same protection designation as the protected document. Regardless of the Parties' designation of any portion of the transcript, the use in deposition of any documents designated as Confidential will not constitute a waiver of the designation of those documents.

    f. For interrogatory answers and responses to requests for admissions, designation of Confidential information shall be made by placing the designation "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" within each interrogatory answer or response to request for admission asserted to contain such information.

3. **Inadvertent Failure to Designate Confidential Information.** If a party inadvertently fails to designate material as Confidential Information at the time of production, the party shall take reasonable steps to notify all receiving persons of its failure within five business days of discovery. The producing party shall promptly supply all receiving persons with new copies of any documents bearing corrected confidentiality designations, and the receiving party shall destroy the original materials and certify to the producing party that such information has been destroyed.

4. **Methods of Objecting to Designation of Confidential Information.**

    a. <u>Timing of objections.</u> Any party may object to a designation of confidentiality at any time. Unless a prompt objection to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

    object a confidentiality designation by electing not to object promptly after the designation is disclosed.

b. <u>Objections.</u> If any party objects to the designation of any discovery material as Confidential, the objecting party shall notify the designating party and state, in writing, the basis of the objection. An objection to a designation of confidentiality shall constitute a representation by the objecting party, in good faith and after careful consideration, that the material so objected to is not properly designated as Confidential.

c. <u>Meet and confer.</u> If the designating party does not agree to withdraw the objected-to designation, the Parties shall meet and confer to negotiate the appropriateness of the designation in good faith and endeavor to resolve the dispute.

d. <u>Judicial intervention</u>. If the Parties cannot resolve a challenge without court intervention, the objecting party may file and serve a motion to withdraw confidentiality. The designating party may file a response to this motion within fourteen (14) days of service. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses or burdens on other Parties) may expose the challenging party to sanctions.

    Any motion to withdraw confidentiality must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the affected Parties in an effort to resolve the dispute without judicial intervention. All Parties shall continue to maintain the material in

5

question Confidential, as originally designated, until the Court rules on the challenge.

5. **Disclosure of Confidential Information.** Confidential Information shall only be disclosed or made available to the Qualified Persons, defined as the following:

   a. The Court and its staff;

   b. Plaintiffs, their counsel of record, and their counsel of record's support staff;

   c. Defendant, its counsel of record, and its counsel of record's support staff;

   d. Attorneys serving as agency counsel and/or consultants for the Defendant United States, including attorneys within Main Justice, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security;

   e. Employees of any firm retained by the Parties or counsel of record to reproduce materials for use in accordance with this Order;

   f. Experts or consultants (together with their research assistants and/or support staff) retained by Parties' counsel of record to assist in the prosecution, defense, or settlement of this action; for whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

   g. Deponents and their counsel, during the course of depositions taken in this action and court reporters and persons preparing transcripts of deposition testimony, for whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); unless the Parties have conferred that such deponent need not sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    h. Witnesses and their counsel during testimony at trial or court hearings in this action, and court reporters and persons preparing transcripts of such testimony, for whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); unless the Parties have conferred that such witness need not sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    i. Any person shown on the face of a document to be the document's author or a prior recipient of such document.

6. **Nondisclosure of Confidential Information.** Confidential Information shall not be disclosed to any entity or person not explicitly described above as a Qualified Person by the Parties, counsel for any party and their support staff, or by any other Qualified Person with access to Confidential Information by virtue of their participation in this litigation. The Parties retain the right to consent, after conferral, to any individual be added as Qualified Person.

7. **Use of Confidential Information.** Use of any information or documents subject to this Order shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this litigation or any other proceeding between the Parties.

    a. <u>Court filings.</u> If Confidential Information is included in any papers or items to be filed in court, the first page of such papers or the cover of such items shall be labeled "Contains Confidential Information Subject to Court Order," and the Confidential Information shall be redacted from the public docket filing, with an

7

unredacted copy of the filing provided to opposing counsel and the Clerk. If the filing relates to a discovery motion, the Clerk shall file the unredacted copy under seal until further order of this Court. If the filing relates to a substantive, non-discovery motion, the party desiring to have the unredacted copy filed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection.

b. <u>Use in court proceedings and at trial.</u> In the event that any Confidential Information is used in any proceeding in this action, it shall not lose its status as Confidential Information through such use. The party using Confidential Information shall take all steps reasonably available to protect its confidentiality during such use, consistent with any further orders of this Court. Nothing in this Order shall be construed to affect or limit the use or admissibility of any document, testimony, or other evidence at trial or any hearing in this matter.

c. <u>Preserving confidentiality.</u> Upon receiving Confidential Information, each Qualified Person shall take reasonably available steps to protect the confidentiality of such materials and all of the information contained therein. All Confidential Information shall remain exclusively in the possession, custody, or control of the Qualified persons except when being tendered or forwarded to another Qualified Person.

d. <u>Improper usage.</u> No one subject to this Protective Order shall use Confidential Information obtained in this litigation to retaliate against, intimidate, report or refer an individual to any governmental authorities, discriminate against any individual in any manner, or harass any other party or witness, relatives of any

other party or witness, including domestic partners of a party or witness; or any individuals associated with the Parties in any way. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

8. **Scope of Protective Order.** The protections conferred by this Order cover not only those portions of any documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of any documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information. However, the protections conferred by this Order do not cover information that is properly in the public domain or becomes part of the public domain through trial or otherwise.

9. **Unauthorized Disclosure of Confidential Information.** If a receiving party learns that, by inadvertence or otherwise, the party has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:
   a. Give written notice of the disclosure to the designating party;
   b. Use best efforts to retrieve all unauthorized copies of the protected material;
   c. Inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and
   d. Request that the person or persons to whom unauthorized disclosures were made execute the "Acknowledgement and Agreement to Be Bound."

10. **Termination of Action and Return of Documents.** This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of information covered by this Order.

   a. Within sixty (60) days of final termination of this action, including all appeals, all Parties bound by this agreement shall destroy all Confidential Information obtained from another party during the course of this litigation and in its possession, custody, or control.

   b. Any party filing Confidential Information with the Court shall notify the Clerk's office within sixty (60) days of entry of final judgment whether the Confidential Information shall be destroyed, retrieved form the Clerk's office, or disposed of in some other manner.

   c. Notwithstanding the above provisions, counsel of record are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; discovery materials, deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential Information, provided that such material remains clearly marked as Confidential and such counsel maintains the information as Confidential subject to this agreement.

11. **Subpoena for documents.** In the event any Party receives a subpoena, request for production of documents, or other discovery requests pursuant to the Federal Rules of Civil Procedure that calls for the production of any Confidential Information, that party shall immediately notify in writing the designating party of the pendency that request.

12. **Effect of Order on HIPAA and Privacy Act Protections.** This Order shall constitute a court order expressly authorizing the disclosure of protected health information pursuant to HIPAA. This Order shall also constitute an order authorizing disclosure of information designated as confidential for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11).

13. **Modification of this Order.** Nothing in this Order abridges the right of any party to seek its modification by the Court in the future, or to seek a separate protective order as to any particular document, item, or information subject to restrictions different from those specified in this Order.

14. **Applicability to Parties Later Joined.** If additional persons or entities become Parties to this lawsuit, they shall not be given access to any Confidential Information until and unless they execute the "Acknowledgement and Agreement to Be Bound."

15. **Binding Effect Upon Execution.** By signing this Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court. The provisions of this Order for protection of Confidential Information shall be binding upon the Parties immediately upon its execution by their respective counsel, as though signed and entered by this Court. This Order shall be promptly submitted to the Court for entry after it is signed on behalf of all parties.

SO ORDERED, this ___ day of October, 2024.

_____
United States District Judge

**CONSENTED TO BY:**

Respectfully submitted,

11

JASON R. COODY
United States Attorney

*/s/ Marie A. Moyle*
MARIE A. MOYLE
Assistant United States Attorney
Florida Bar No. 1003498
111 N. Adams Street, 4th Floor
Tallahassee, FL 32301
Telephone: 850-942-8430
Fax: 850-942-8466
Email: marie.moyle@usdoj.gov
Special AUSA Acting Under Authority
Conferred by 28 U.S.C. § 515
Counsel for the United States of America

s/ *David N. Dreyer* (by consent)
David N. Dreyer
GA Bar No. 411322
Dreyer & Associates
260 Peachtree Street, Suite 1602
Atlanta, Georgia 30303
(404) 234-4447
david@dreyerfirm.com

*/s/ Keith L. Lindsay* (by consent)
Keith L. Lindsay
Georgia Bar No. 452995
Edmond & Lindsay, LLP
344 Woodward Avenue, SE
Atlanta, GA 30312
T: 404.525.1080
klindsay@edmondfirm.com

## Acknowledgment and Agreement To Be Bound

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Consent Protective Order that was issued by the United States District Court for Middle District of Georgia on _____ in the case of *Rocha v. United States of America*, Case No.: 7:22-CV-00075-WLS-TQL.

By signing this document, I agree to comply with and to be bound by all the terms of this Order. I further understand and agree that the Protected Information is being disclosed to me solely for the purposes of this case and that I am not permitted to use, and shall not use, this information for any purpose other than this litigation. I understand and acknowledge that failure to comply with the terms of this Order could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Georgia for the purpose of enforcing the terms of this Consent Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

Date: _____

City and state where sworn and signed: _____